UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT LEE, ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | No.: 20-cv-3349-MMM |
| ) | |
| K. KALERN, NURSE, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW

Plaintiff, proceeding *pro se* and confined at the Shawnee Correctional Center ("Shawnee"), filed a complaint and petition to proceed in forma pauperis, ("IFP"), alleging various constitutional violations at the Western Correctional Center ("Western"). Plaintiff does not reveal it, but it is noted that he had previously amassed three "strikes" pursuant to 28 U.S.C. §1915(g) for filing frivolous claims. As a result, he cannot proceed IFP unless in imminent danger of serious physical injury. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**MATERIAL FACTS**

On January 28, 2017, Plaintiff was seen at Western by Defendant Nurse Kalern whom he claims was deliberately indifferent to his back pain and a keloid scar on his hand. Plaintiff alleges that on May 14, 2018, Defendant Nurse Practitioner Smith was also deliberately indifferent to these conditions. He wrote a grievance of the matter to Defendant Nursing Director Logsdon and alleges that she failed to intervene and failed in her "supervisory liability." Plaintiff has also pled *Monell* claims against the Illinois Department of Corrections ("IDOC") and Wexford, and civil conspiracy claims against IDOC and Wexford. He also requests that the State of Illinois indemnify the individual Defendants, presumably referring to the State Employee Indemnification Act, 5 ILCS 350/1, et seq.[1] On January 16, 2019, Plaintiff was transferred from Western to Shawnee.

**ANALYSIS**

To proceed without prepayment of the filing fee, Plaintiff must establish that he is in imminent danger of serious physical harm. The imminent danger exception is to be narrowly construed as it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ...is real and proximate." *Heimermann v Litscher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). The threatened harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). In addition, the danger must involve "serious physical injury." 28 U.S.C. § 1915(g). A court should deny a 3-strike plaintiff leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330.

---

[1] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) (§ 1983 liable may attach for constitutional injury resulting from a municipality's policy or practice). *See also, Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions).

The complaint at issue, however, alleges conditions which occurred two and three years prior to the December 22, 2020 date of filing. In addition, Plaintiff has been transferred from the facility where the alleged constitutional violations took place. Plaintiff fails to establish that he is in imminent danger of serious physical harm, where he alleges only past incidents not subject to recurrence. Plaintiff's petition to proceed IFP [ECF 2], is DENIED. He will have 30 days in which to pay the full $402.00 filing fee. If he does not do so within the time allotted, the complaint will be dismissed.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's IFP petition [ECF 2] is DENIED, as the 3-strikes Plaintiff has failed to plead that he is in imminent dangers of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff will be given 30 days in which to pay the $402.00 filing fee. The failure to do so will result in the dismissal of this case without prejudice for failure to pay the filing fee.

2. Plaintiff's Motion for Service at Government Expense [ECF 4], is DENIED. Plaintiff files a letter [ECF 9] and related motion, asking that another inmate be allowed to make payment of the remainder of the filing fee [ECF 10] on his behalf. While Plaintiff does not address it, the Court believes it likely that IDOC prohibits one inmate making payment on the obligations of another and will, therefore, DENY Plaintiff's [ECF 10] for this reason. Plaintiff's motion for status [11], is rendered MOOT by this order.

ENTERED:   4/6/2021

                                                            s/Michael M. Mihm
                                                         MICHAEL M. MIHM
                                       UNITED STATES DISTRICT JUDGE