E-FILED
Wednesday, 28 April, 2021  04:20:52 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALBERT LEE, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **No.: 20-cv-3349-MMM** |
| | ) | |
| K. KALERN, NURSE, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### SUPPLEMENTAL MERIT REVIEW ORDER

On April 6, 2021, the Court conducted a merit review of Plaintiff's complaint. The Court determined at that time, that Plaintiff had failed to disclose that he had amassed three "strikes" pursuant to 28 U.S.C. §1915(g) for filing frivolous claims. Plaintiff was denied *in forma pauperis* status and instructed to pay the full filing fee or have his case dismissed. Plaintiff has since paid the filing fee and the Court undertakes a supplemental review of the complaint. Plaintiff is hereby placed on notice that if he files any lawsuits in the future, he must reveal his 3-strikes status or risk dismissal of his claim as a sanction.

Plaintiff, proceeding *pro se* and confined at the Shawnee Correctional Center ("Shawnee"), has filed a complaint alleging various constitutional violations at the Western Correctional Center ("Western"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

On October 10, 2014, while held at the Menard Correctional Center ("Menard"), Plaintiff was diagnosed with osteoarthritis of the spine. On January 16, 2016, Plaintiff was transferred to Western, where he remained until January 16, 2019. Plaintiff pleads that on October 4, 2016, he submitted a sick call slip requesting pain medication for his back and treatment for keloid scars. Plaintiff was called for his appointment on October 7, 2016 but was not in his cell and was not seen. Plaintiff subsequently submitted sick call slips on October 8 and October 14, 2016. When these did not receive a response, he filed a grievance on October 27, 2016.

On November 25, 2016, Plaintiff was seen by an unidentified medical staff member. This individual did not provide him any medication, indicating that she had scheduled Plaintiff to be seen by a nurse practitioner or doctor. On January 28, 2017, Plaintiff was seen by Defendant Nurse Kalern. Plaintiff complained to her of a protrusion at the end of his spine which was causing him back pain. He also complained of a skin issue, not particularly identified and alternately referred to as keloid scarring and a "skin condition." Defendant examined the keloid scar on Plaintiff's hand and informed him that he could adequately treat it with hand lotion, something which Plaintiff disputes. She also provided a bubble pack of 18 tabs of ibuprofen. Defendant Kalern told Plaintiff that he would not be referred to a nurse practitioner or physician as the conditions with which he presented did not warrant additional treatment. Defendant told Plaintiff that if he wanted to be seen by a physician, he would have to submit two more sick call slips before a visit would be scheduled.

On May 14, 2018, Plaintiff underwent a mandatory physical examination by Defendant Nurse Practitioner Smith. At that time, Plaintiff complained of back pain, and discomfort from the keloid scar. Defendant Smith conducted the exam but did not provide any treatment. Plaintiff wrote a grievance of the matter to which Defendant Nursing Director Logsdon responded. Defendant Logsdon indicated that Plaintiff had been diagnosed with "mild degenerative joint disease of the lumbar vertebrae" and, per prior instructions, was to engage in regular exercise, avoiding excessive strain on his back. Defendant Logsdon noted that Plaintiff was not eligible to be regularly followed in chronic clinic as arthritis was not considered a chronic illness. Plaintiff disputes that he suffered only from mild joint disease. He provides a physician's note which indicates that a September 15, 2016 x-ray revealed "severe narrowing of the disk at L5-S1." The ultimate diagnosis, however, was "DJD," degenerative disc disease, with no indication whether the DJD was mild or severe. [ECF 1 at 20].On January 16, 2019, Plaintiff was transferred to Shawnee where he claims to have received appropriate care and does not name any Shawnee staff as Defendants.

Plaintiff alleges that Defendants Kalern, Smith and Logsdon were deliberately indifferent to a serious medical condition. He also alleges that Defendant Logsdon failed to intervene and had "supervisory liability" for the actions of the others. Plaintiff pleads *Monell* claims against the Illinois Department of Corrections ("IDOC") and Wexford; a civil conspiracy claim against IDOC and Wexford, and a request that the State of Illinois indemnify the individual Defendants, presumably referring to the State Employee Indemnification Act, 5 ILCS 350/1, et seq.[1]

---

[1] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978) (§ 1983 liable may attach for constitutional injury resulting from a municipality's policy or practice). *See also, Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions).

**ANALYSIS**

Here, Plaintiff alleges deliberate indifference by Defendant Kalern on January 28, 2017 and deliberate indifference by Defendant Smith on May 14, 2018. However, Plaintiff did not file his complaint until December 22, 2020, more than two years after the events and, in Defendant Kalern's case, almost three years after. Plaintiff asserts his claims under § 1983 which does not, itself, provide for a limitations period. As a result, the statute of limitations is borrowed from the state in which the conflict arose. *See Wilson v. Garcia,* 471 U.S. 261, 276, (1985) (deliberate indifference claims asserted under § 1983 are subject to the Illinois two-year personal injury statute of limitations);735 ILCS 5/13-202. As a result, the statute of limitations would have expired two years after the alleged January 28, 2017 actions by Defendant Kalern and the May 14, 2018 actions by Defendant Smith. Plaintiff asserts, however, that Defendants' actions represented continuing violations and that the statute of limitations did not begin to run until he was transferred from Western on January 16, 2019.

Plaintiff is correct in that the two-year limit may be extended in those cases where deliberate indifference to a serious medical need amounts to a "continuing violation." *Jervis v. Mitcheff,* 2007 WL 435543, *2 (7th Cir. Dec. 13, 2007). The Seventh Circuit has explained that the question as to how far back a  claim may go and still be within the statute of limitations, is one of accrual. This determination is made applying federal common law, rather than state law. A §1983 claim for deliberate indifference will accrue on the date that "[defendants] learned [plaintiff] had a condition warranting medical attention yet unreasonably refused to provide that attention. Until then, the defendants had not violated his rights, and so his claim had not accrued." *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001). *See also*, *Jervis,* 2007 WL 435543 at *2.

4

Here, Plaintiff has pled that on January 28, 2017, he complained of back pain and a keloid scar on his hand. Defendant Keller provided ibuprofen for the back pain and recommended the use of lotion for the scar. As a result, Defendant Kalern recognized that Plaintiff had conditions warranting medical attention on January 28, 2017 and provided treatment, although not the treatment Plaintiff wanted. The statute of limitations will be tolled, however, during the time that a prisoner is exhausting his administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Plaintiff has provided his related grievances and the responses he received from the Administrative Review Board ("ARB"). It appears that his grievance against Defendant Kalern, #17-0313, was denied by the ARB on October 30, 2017 [ECF 1 at 30], more than two years prior to filing. Defendant Kalern is DISMISSED with prejudice.

Plaintiff also filed a grievance against NP Smith, #18-0823. The grievance was received by the ARB on December 10, 2018 [ECF 1 at 40]. Plaintiff followed-up in a letter to the ARB, asserting that he had not received a response. It is, therefore, unclear whether Plaintiff's remedies had been exhausted by December 23, 2018, two years prior to filing the complaint. As result, Plaintiff's deliberate indifference claims against Defendant Smith will proceed, pending a more fully developed record.

Plaintiff alleges that nursing Director Logsdon failed to intervene after receiving his grievance and that Defendant Logsdon had "supervisory liability" liability for the actions of others. There is no supervisory liability or respondeat superior or liability under §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). As a result, this claim is also DISMISSED with prejudice. Defendant Logsdon is DISMISSED.

Plaintiff asserts a *Monell* claim against IDOC and Wexford based, respectively, on the $5.00 co-pay and three medical slip request policies. However, Plaintiff addressed these policies in his grievance #17-0313 which was fully exhausted more than two years prior to the filing of the complaint. As such, these *Monell* claims are beyond the two-year statute of limitations. *Hobley v. Burge*, No. 03-3678, 2004 WL 2658075, at *8 (N.D. Ill. Oct. 13, 2004). Plaintiff's civil conspiracy claim meets the same fate as it, too, is subject to the same two-year statute of limitations. *See Id.* at *6 (conspiracy claim arising from time-barred claims is, itself, time-barred). IDOC is DISMISSED for the additional reason that IDOC is not a "person" amendable to suit for money damages under § 1983. In addition, as a department of the State of Illinois, IDOC enjoys the State's Eleventh Amendment sovereign immunity from suit. IDOC and Wexford are DISMISSED with prejudice.

Plaintiff's final claim, requesting that the State of Illinois indemnify any individual Defendant is dismissed as the State Employee Indemnification Act does not provide a private right of action. *Jones v. Linn*, No. 19- 01307, 2020 WL 7342694, at *6–7 (S.D. Ill. Dec. 14, 2020). In addition, as previously noted, the State enjoys immunity from suit in a § 1983 action for damages. *See id.*(quoting *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992).

**IT IS THEREFORE ORDERED:**

1)   This case shall proceed solely on the deliberate indifference claim against Defendant Smith. Plaintiff's deliberate indifference claim against Defendant Kalern is DISMISSED with prejudice as filed outside the applicable statute of limitations. The same applies to Plaintiff's *Monell* claim against Wexford. All claims against IDOC and the State of Illinois are DISMISSED with prejudice as Defendants are not amendable to suit for damages under § 1983. Plaintiff's failure to protect claim against Defendant Logsdon is dismissed for

6

failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Defendants

Kalern, Logsdon, IDOC, Wexford and the State of Illinois are DISMISSED.

> 2)   Plaintiff is placed on notice that his failure to identify his 3-strikes status is

sanctionable and may be regarded as an attempt to perpetrate a fraud upon the Court. Plaintiff is

advised that  if he files any lawsuits in the future, he must reveal his 3-strikes status at the time of

filing.

> 3)      The Clerk is directed to send Defendant pursuant to this District's internal

procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3)

a copy of the Complaint; and 4) a copy of this Order.

> 4)      If Defendant fails to sign and return a Waiver of Service to the Clerk within 30

days after the Waiver is sent, the Court will take appropriate steps to effect formal service on

Defendant and will require that Defendant pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by

Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall

provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding

address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the

public docket nor disclosed by the Clerk.

> 5)      Defendant shall file an answer within the prescribed by Local Rule. A Motion to

Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in

this Order.

6)       Plaintiff shall serve upon Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7)       Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to Defendant or Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8)       Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

9)       Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND

RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE

WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT

FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF

FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


ENTERED:   4/28/2021



                                          s/Michael M. Mihm
                                       MICHAEL M. MIHM
                                 UNITED STATES DISTRICT JUDGE